**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0002711**
**24-APR-2015**
**08:36 AM**

NO. CAAP-13-0002711

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WAIANAE COMMUNITY DEVELOPMENT PROJECT ASSOCIATION,
by it's Board of Directors,
Plaintiff/Counterclaim Defendant/Appellee,
v.
ROBERT K.R. QUARTERO,
Defendant/Cross-Claim Defendant/Counterclaim Plaintiff/Appellant
v.
BANK OF HAWAII,
Defendant/Cross-Claim Plaintiff/Counterclaim Plaintiff/Appellee,
and
KEHAULANI QUARTERO, CITY AND COUNTY OF HONOLULU,
Defendants/Appellees
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, and
DOE GOVERNMENTAL UNITS 1-10,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-2612)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

The instant appeal arises out of an action for foreclosure. Defendant/Cross-Claim Defendant/Counterclaim-Plaintiff/Appellant Robert K.R. Quartero (**Robert**) appeals pro se from the December 21, 2012 "Findings of Fact, Conclusions of Law, Order Granting Bank of Hawaii's Motion for Summary Judgment Against All Parties and For Interlocutory Decree of Foreclosure Filed July 16, 2012" entered in the Circuit Court of the First

Circuit[1] **(circuit court)** in favor of Defendant/Cross-Claim Plaintiff/Counterclaim Plaintiff/Appellee Bank of Hawaiʻi **(BOH)**.

On appeal, Robert appears to contend that the circuit court erred in granting BOH's motion for summary judgment **(MSJ)** for a decree of foreclosure because Plaintiff/Counterclaim Defendant/Appellee Waianae Community Development Project Association **(WCDPA)** and BOH engaged in conduct rendering the summary judgment inappropriate.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude that Robert's appeal is without merit.

Robert's opening brief is not in compliance with the Hawaiʻi Rules of Appellate Procedure **(HRAP)** Rule 28(b) because, inter alia, it does not include citations to the parts of the record relied on (HRAP Rule 28(b)(7)). Noncompliance with the HRAP may provide grounds for dismissal. HRAP Rule 30 (providing that when an appellant's brief is "not in conformity with [the HRAP], the appeal may be dismissed"). Although Robert's failure to comply with HRAP Rule 28(b) has hindered our review, we decline to dismiss his appeal and instead resolve this appeal on the merits because Robert is proceeding pro se and the answering briefs filed by WCDPA and BOH assisted this court in assessing the facts, procedural history, and issues apparently raised by Robert. See Hous. Fin. and Dev. Corp. v. Ferguson, 91 Hawaiʻi 81, 85-86, 979 P.2d 1107, 1111-12 (1999) (excusing the appellant's noncompliance with HRAP Rule 28(b) on the grounds that the Hawaiʻi Supreme Court "has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible").

A foreclosure decree is warranted only when the party seeking foreclosure established: (1) that the parties entered an agreement, (2) the terms of the agreement, (3) that default

---

[1] The Honorable Bert I. Ayabe presided.

occurred as defined by the agreement, and (4) that notice of default was given in accordance with the terms of the agreement. See Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982).

In support of its July 16, 2012 MSJ, BOH attached certified copies of the: (1) January 23, 2006 Note by which Robert's wife promised to pay BOH $130,000 plus interest in return for the loan she received from BOH; (2) January 23, 2006 recorded Mortgage that Robert and his wife (the **Quarteros**) executed with BOH that secured payment on the Note by encumbering the Quarteros' parcel of real property within the WCDPA community (**Property**); (3) loan history; (4) September 8, 2011 "Thirty Day Notice of Default" letter (**Notice of Default**) that notified the Quarteros that they defaulted on the Note and Mortgage, that BOH was electing to exercise its right to accelerate the loan, and that BOH may pursue foreclosure of the Property if it did not receive payment in full by October 8, 2011; and (5) a Declaration of Indebtedness by a custodian of BOH's relevant business records that addressed the Note, Mortgage, loan history, Notice of Default, and balance due to BOH.

Therefore, BOH did establish the four factors set forth by Anderson. BOH established the existence of the Note and the Mortgage, the terms of the agreements, that the Quarteros defaulted under the terms of the Note and the Mortgage, and that BOH provided the Quarteros with proper notice of the Quarteros' default and BOH's intent to accelerate the loan and pursue foreclosure if the default was not timely cured. In light of the above established facts, and the fact that Robert failed to establish that there were any genuine issues of material fact to preclude summary judgment, the circuit court properly granted BOH's motion for summary judgment and a decree of foreclosure and therefore Robert's appeal is without merit.

Therefore,

IT IS HEREBY ORDERED that the December 21, 2012 "Findings of Fact, Conclusions of Law, Order Granting Bank of Hawaii's Motion for Summary Judgment Against All Parties and For

3

Interlocutory Decree of Foreclosure Filed July 16, 2012" entered in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, April 24, 2015.

On the briefs:

Robert K.R. Quartero
Defendant/Cross-Claim
Defendant/Counterclaim-
Plaintiff/Appellant pro se.

Charles R. Prather
Sofia Hirosane McGuire
Steven K. Idemoto
(RCO Hawaii)
for Defendant/Cross-Claim
Plaintiff/Counterclaim
Plaintiff/Appellee Bank of
Hawaii.

Lissa H. Andrews
Angela S. Kuo
(Case Lombardi & Pettit)
for Plaintiff/Counterclaim
Defendant/Appellee Waianae
Community Development Project
Association.

Chief Judge

Associate Judge

Associate Judge